**Not for publication**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BLACKBERRY LIMITED,

    Plaintiff,

v.

PCS WIRELESS LLC,

    Defendant.

Civ. No. 15-1070 (KM)

**MEMORANDUM OPINION**

**KEVIN MCNULTY, U.S.D.J.:**

    This is a one-count Complaint for claim of breach of contract brought by BlackBerry Limited against PCS Wireless LLC. BlackBerry and PCS entered into a number of agreements under which PCS agreed to purchase cellular devices from BlackBerry. BlackBerry contends that PCS breached some of these contracts by failing to pre-pay for devices it ordered. (Dkt. No. 1 ("Cplt.")) PCS responds that BlackBerry never filled those orders, and that the consequential damages BlackBerry seeks are simply not available under the terms of their agreement. Therefore, PCS says, the claim for breach of contract should be dismissed under Fed. R. Civ. P. 12(b)(6).

    For the reasons discussed below, the motion to dismiss is denied. (Dkt. No. 13)

**The agreements at issue**

    BlackBerry alleges that it entered into multiple agreements ("Order Agreements") with PCS between March and October 2014. The Order Agreements specified the quantity and type of devices that PCS wished to purchase from BlackBerry. Under this arrangement, PCS submitted orders for hundreds of thousands of devices. (Cplt. ¶ 2) Blackberry alleges that it agreed

1

to sell some of the devices to PCS at lower prices than it offered to other buyers because of PCS's "commitment to purchase large quantities of devices and its acceptance of Terms and Conditions under which BlackBerry would immediately recognize the revenue from the sales." (Cplt. ¶ 14)

BlackBerry contends that PCS breached certain of these agreements by failing to pay for devices it ordered. Specifically, BlackBerry alleges that PCS has failed to pay for approximately 200,000 devices that it agreed to purchase. (Cplt. ¶ 2) BlackBerry did not deliver the devices at issue to PCS. Rather, BlackBerry resold the devices to other buyers at prices lower than what PCS had agreed to pay. (Cplt. ¶ 3) BlackBerry seeks to recover the difference between the price at which PCS contracted for the devices, and the price at which it ultimately resold them.

PCS asserts that the damages BlackBerry seeks to recover are barred by their contracts. At issue between the parties is the interpretation of Section 16 of the Terms and Conditions, which are incorporated into the Order Agreements.[1] That Section is a limitation of liability provision, which states:

> The liability of each party to the other party under the agreement will be subject to a total cumulative cap equal to the total amount paid by Buyer to BlackBerry pursuant to the order acknowledgement. Under no circumstances shall either party be liable to the other party for any indirect, economic, special, commercial, incidental, exemplary or consequential damages (including lost profits, loss of business revenue or earnings, lost data, damages caused by delays, or a failure to realize expected savings) directly or indirectly arising out of or in connection with the transactions contemplated by the agreement, or from a breach of contract, tort or other liability, even if the possibility of such damages were known or should have been known or their likelihood has been disclosed to BlackBerry or Company as the case may be. For clarity and notwithstanding the forgoing, neither party's liability will be subject to any limitation: (a) in respect of that party's breach of its confidentiality obligations under this agreement; (b) in respect of that party's infringement or violation of

---

[1] Though the limited liability provisions vary slightly between the Order Agreements, the language is "substantially identical for all of the Order Agreements at issue in this dispute." (Cplt. ¶ 10)

2

intellectual property rights of the other party; (c) to the extent that such liability cannot be excluded at law; and (d) any obligation to pay any amount payable for products or services delivered pursuant to the agreement.

(Dkt. No. 13-4 p. 4)[2]

The parties have submitted competing interpretations of this provision, supported by expert opinions from practitioners of Canadian law.[3] BlackBerry argues that the provision supports its breach of contract claim, while PCS responds that the damages BlackBerry seeks are barred by the plain language of the limited liability provision.

**Standard on a motion to dismiss**

PCS has moved to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will

---

[2] Though the Terms and Conditions of the Order Agreements were not attached to the complaint, the terms of the agreements are integral to the complaint. Accordingly, I take note of them. (*See* Dkt. No. 13-4)

[3] BlackBerry is based in Canada, the Agreement contains a choice of law provision, and the parties agree that Canadian law governs the interpretation of the contracts.

not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

PCS contends that the complaint fails to state a claim under applicable Canadian law. Fed. R. Civ. P. 44.1 provides that the determination of foreign law is a "ruling on a question of law," albeit one that may depend on evidence or testimony:

> While any determination as to foreign law is a legal question, any relevant material or source, including testimony, may be considered in establishing foreign law. *See* Fed. R. Civ. P. 44.1; *Republic of Turkey v. OKS Partners*, 146 F.R.D. 24, 27 (D. Mass. 1993). Commonly, oral or written expert testimony accompanied by foreign legal materials is provided. *See id.*; C.A. Wright & A. Miller, *Federal Practice & Procedure* § 2444 at 406 (1971).

*United States v. Pre-Columbian Artifacts*, 845 F. Supp. 544, 546 (N.D. Ill. 1993).[4]

---

[4] *See also Abdallah v. Int'l Lease Fin. Corp.*, No. CV 14-06769 MMM MANX, 2015 WL 1263141, at *12 (C.D. Cal. Mar. 9, 2015); *Juch–Tech, Inc. v. Intelsat Corp.*, No. 13cv8885–LAK–FM, 2014 WL 4160225, *6–9 (S.D.N.Y. Aug. 21, 2014), report and recommendation adopted, 2014 WL 7239483 (S.D.N.Y. Dec.19, 2014) (relying, in a case where plaintiff provided notice of intent to rely on Canadian law in its complaint, on expert declarations and reports regarding the substance of Ontario law and analyzing the sufficiency of plaintiff's fraudulent concealment claims under substantive Ontario law); *City of Harper Woods Employees' Ret. Sys. v. Olver*, 577 F. Supp. 2d 124, 128 (D.D.C. 2008), *aff'd*, 589 F.3d 1292 (D.C. Cir. 2009); *Nat'l Group for Commc'ns & Computers Ltd. v. Lucent Techs. Int'l, Inc.*, 331 F. Supp. 2d 290, 294 (D.N.J. 2004).

## Discussion

I will deny the motion to dismiss because this case is replete with factual issues inappropriate for resolution on a motion to dismiss.

### A.   *Canadian law*

There is a lively dispute about Canadian contract law and how it applies to the agreements at issue. The parties have submitted a thorough round of briefing (including a sur-reply), addressing the intricacies of Canadian contract law and how it applies to this case. Both sides have supplemented their briefing with reports from experts on Canadian law supporting their interpretation. Not surprisingly, the experts reach exactly opposite conclusions about the application of Canadian law to the facts of this case.

For example, Blackberry's expert, Stephen Goudge, Q.C., concludes that the language in Section 16 restricting either party's liability for "indirect, economic, special, commercial, incidental, exemplary or consequential damages (including lost profits, loss of business revenue or earnings....)" does not apply to the injury BlackBerry alleges here. He asserts that Blackberry is alleging "direct damages," which is distinct from "indirect," "economic," or "consequential" damages under Canadian law. (Dkt. No. 18-2 p. 7) Therefore, he concludes that Blackberry's damages are not excluded by the limited liability provision. In contrast, PCS's expert, Earl Cherniak, Q.C., concludes that a Canadian court would find BlackBerry's damages to be "barred by the plain language" of the provision. (Dkt. No. 19-2 p. 4)

The parties, and their experts, also disagree about the meaning of other language contained in Section 16, including the "cumulative cap" and the categories explicitly excluded from the limitation of liability, such as the "obligation to pay ... for products or services *delivered* pursuant to the agreement." (Dkt. No. 13-4 p. 4) (emphasis added). Along with their expert opinions, the parties have submitted a plethora of Canadian cases supporting their respective positions on each portion of the contractual language at issue.

As noted above, the court may, on a Rule 12(b)(6) motion, accept

5

testimonial and other evidence on a question of foreign law. Were such a determination likely to be dispositive, I would do so. Other potential issues of fact, however, stand in the way of resolution of this case. Discovery and marshaling of evidence on summary judgment are required before this Court can focus the issue of how Canadian law applies to a settled factual scenario.

### B. Issues of Fact

Material facts underlying the complaint are unsettled, warranting an exchange of discovery between the parties. The parties' intent at the time the contract was drafted, for example, is ill-suited to resolution on a motion to dismiss. And the parties are in agreement as to Canadian law, at least to this extent: the expressed intent of the parties is paramount. *See* Dkt. No. 19-2 p. 5; Pl. Br. at 5–6.

There are, of course, cases where contractual language unambiguously rules out a claim of breach, and a motion to dismiss may confidently be granted. This is not such a case. True, Canadian decisions give some guidance as to terms of art under Canadian contract law. But what *these* parties meant by "indirect, economic, special, commercial, incidental, exemplary or consequential damages" in relation to an imperfectly consummated order may depend on the surrounding factual context, including a course of dealing between the parties.

PCS is adamant that the contract plainly signifies that "the parties intended to exempt each other from liability for any expectation damages that might arise if either party chose not to consummate an order." (Def. Br. 7) BlackBerry is equally certain that "the parties agreed that PCS had a payment obligation for all devices PCS *ordered*, not just for those that were actually shipped.") (Pl. Br. 13) (emphasis in original)). I see no such clear, unambiguous language in the Agreement. The Agreement does not explicitly address the situation of goods purportedly ordered, but not prepaid. PCS makes arguments from context, which may even turn out to be correct, but that is not in itself sufficient to put a complaint out of court; it is an issue of factual and contractual interpretation.

Other factual questions potentially relevant to damages cannot be settled on a motion to dismiss. Did BlackBerry specifically designate phones for shipment to PCS based on its orders? For how long did it hold them aside before seeking to resell them to another customer? Was business lost in the interim? Did BlackBerry sell the ordered phones at a lower (or higher) price?[5] Did PCS promptly notify BlackBerry that it was not moving forward with certain orders? The parties must conduct some discovery in order to fill in these, and other, factual blanks.

In sum, I find that the issues the parties raise to the Court are not ripe for resolution on a motion to dismiss.

## CONCLUSION

For the foregoing reasons, PCS's motion to dismiss the complaint is DENIED. (Dkt. No. 13). An appropriate order accompanies this opinion.

Dated: April 4, 2016
Newark, New Jersey

HON. KEVIN MCNULTY
United States District Judge

---

[5] PCS allegedly enjoyed favorable price terms vis-à-vis other buyers. See Cplt. ¶ 14.